CHRISTOPHER W. WOOD, ESQ. / SBN: 193955
KELSEY J. FISCHER, ESQ. / SBN: 292262
DREYER BABICH BUCCOLA WOOD CAMPORA, LLP
20 Bicentennial Circle
Sacramento, CA 95826
Telephone: (916) 379-3500
Facsimile: (916) 379-3599

Attorneys for Plaintiff

ERIC GRANT
United States Attorney
JOSEPH FRUEH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
E-mail:     joseph.frueh@usdoj.gov
Telephone: (916) 554-2702
Facsimile:  (916) 554-2900

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE HAMMOND,<br><br>               Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>               Defendant. | No. 2:23-cv-02984-JAM-JDP<br><br>**STIPULATION AND PROPOSED ORDER FOR STAYING CASE AND MODIFYING PRETRIAL SCHEDULING ORDER** |

      IT IS HEREBY STIPULATED, by and between the parties and subject to Court approval, and in light of the current lapse in appropriations to the Department of Justice, that (1) this action be stayed pending the restoration of appropriations or the enactment of a continuing resolution, and (2) the parties submit a joint stipulation and proposed order modifying the current Pretrial Scheduling Order (*see* ECF 16) within seven days of the restoration of appropriations or the enactment of a continuing resolution.  The reasons for this stipulation are as follows.

      1.     This is a personal-injury lawsuit that arises from a car accident on March 14, 2023, involving Plaintiff Stephanie Hammond and an employee of the United States Postal Service.  Because

the Postal Service employee was acting within the scope of his federal employment at the time of the accident, Plaintiff's claims are asserted against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80.

2.     To diligently advance this case toward resolution, the parties have engaged in written discovery, third-party subpoenas for records and documents, fact-witness depositions, and medical evaluations under Rule 35 of the Federal Rules of Civil Procedure.

3.     The Pretrial Scheduling Order provides for expert disclosures to be served on October 17, 2025, with subsequent deadlines keyed to this date. But, as detailed below, several developments—including the federal-government shutdown—have impeded the orderly completion of non-expert discovery and the preparation of expert disclosures.

4.     On Friday, September 12, 2025, Plaintiff served supplemental disclosures and supplemental responses to the United States' discovery requests. Thereafter, from Monday September 15 to September 24, 2025, undersigned counsel for the United States was required to conduct a jury trial before Chief Judge Troy L. Nunley. Plaintiff's supplemental disclosures and responses must now be reviewed by counsel for the United States and the United States' experts.

5.     Also, during September 2025, the parties engaged in extensive meet-and-confer efforts regarding whether Plaintiff would undergo a neuropsychological evaluation under Rule 35 of the Federal Rules of Civil Procedure, which efforts included briefing and a conference before the assigned Magistrate Judge. *See* ECF 17–20. The parties ultimately distilled their positions such that the evaluation can now go forward, with Plaintiff preserving some potential objections for trial. By the time the parties distilled their positions, however, the United States' retained neuropsychologist was no longer available to conduct an evaluation until October 29, 2025, at the earliest.

6.     Moreover, at the end of the day on September 30, 2025, the appropriations that have been funding the Department of Justice expired and appropriations to the Department lapsed. The Department does not know when funding will be restored by Congress. Absent an appropriation or continuing resolution, Department of Justice attorneys are prohibited from working, even on a voluntary basis, except in limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. That exception is not deemed to include most civil cases.

7. Based on the foregoing, the parties respectfully submit that there is good cause to **stay this action pending the restoration of appropriations or the enactment of a continuing resolution, and to direct the parties submit a joint stipulation and proposed order modifying the current Pretrial Scheduling Order within seven days of the restoration of appropriations or the enactment of a continuing resolution**.

8. It is well established that a court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

Respectfully submitted,

Dated: October 7, 2025                DREYER BABICH BUCCOLA WOOD CAMPORA, LLP

By:   /s/ *Kelsey J. Fischer*   (authorized 10/7/2025)
      KELSEY J. FISCHER

Attorneys for Plaintiff

Dated: October 8, 2025                ERIC GRANT
                                      United States Attorney

By:   /s/ *Joseph Frueh*
      JOSEPH FRUEH
      Assistant United States Attorney

Attorneys for Defendant

# ORDER

**IT IS SO ORDERED.**

Dated: October 09, 2025

_____
JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE