CHRISTOPHER W. WOOD, ESQ. / SBN: 193955
KELSEY J. FISCHER, ESQ. / SBN: 292262
DREYER BABICH BUCCOLA WOOD CAMPORA, LLP
20 Bicentennial Circle
Sacramento, CA 95826
Telephone: (916) 379-3500
Facsimile: (916) 379-3599

Attorneys for Plaintiff

ERIC GRANT
United States Attorney
JOSEPH FRUEH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
E-mail:    joseph.frueh@usdoj.gov
Telephone: (916) 554-2702
Facsimile:  (916) 554-2900

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE HAMMOND,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendant. | Case No. 2:23-CV-02984-JAM-JDP<br><br>**STIPULATION AND ORDER MODIFYING PRETRIAL SCHEDULING ORDER**<br>(*see* **ECF 16, 22**) |

**ORDER MODIFYING PRETRIAL SCHEDULING ORDER**

IT IS HEREBY STIPULATED, by and between the parties and subject to Court approval, that the Pretrial Scheduling Order in this case (ECF 16) shall be modified as outlined below.

| Event | Current Date | Proposed Date |
|---|---|---|
| Initial Expert Disclosures | October 17, 2025 | January 30, 2026 |
| Rebuttal Expert Disclosures | November 14, 2025 | February 27, 2026 |
| Joint Mid-Litigation Statement | 14 days before close of discovery | Unchanged |
| Discovery Cutoff | February 27, 2026 | April 24, 2026 |
| Filing Deadline for Dispositive Motions | May 1, 2026 | Unchanged |
| Hearing Deadline for Dispositive Motions | June 30, 2026, at 1:00 p.m. | Unchanged |
| Final Pretrial Conference | August 21, 2026, at 11:00 a.m. | Unchanged |
| Bench Trial | August 21, 2026, at 9:00 a.m. | Unchanged |

The reasons for this stipulation are as follows.

1. This is a personal-injury lawsuit that arises from a car accident on March 14, 2023, involving Plaintiff Stephanie Hammond and an employee of the United States Postal Service. Because the Postal Service employee was acting within the scope of his federal employment at the time of the accident, Plaintiff's claims are asserted against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80.

2. To diligently advance this case toward resolution, the parties have engaged in written discovery, third-party subpoenas for records and documents, fact-witness depositions, and medical evaluations under Rule 35 of the Federal Rules of Civil Procedure. Despite these efforts, several developments have impeded the orderly completion of non-expert discovery and the preparation of expert disclosures.

3. From September 15 to September 24, 2025, undersigned counsel for the United States was required to conduct a jury trial before Chief Judge Troy L. Nunley.

4. Also during September 2025, the parties engaged in extensive meet-and-confer efforts regarding whether Plaintiff would undergo a neuropsychological evaluation under Rule 35 of the Federal Rules of Civil Procedure, which efforts included briefing and a conference before the assigned Magistrate Judge. *See* ECF 17–20. The parties ultimately distilled their positions such that the evaluation can now go forward, with Plaintiff preserving some potential objections for trial. By the time the parties distilled their positions, however, the United States' retained neuropsychologist was no longer available to conduct an evaluation until October 29, 2025, at the earliest.

5. Moreover, at the end of the day on September 30, 2025, the appropriations that had been funding the Department of Justice expired and appropriations to the Department lapsed. Between October 1 and the restoration of appropriations on November 12, 2025, counsel for the United States was prohibited by federal statute from working on this case. *See* 31 U.S.C. § 1342 (prohibiting federal employees from working, even on a voluntary basis, except in limited circumstances, including "emergencies involving the safety of human life or the protection of property"). The Court stayed this action during this lapse in appropriations. *See* ECF 22.

6. Although undersigned counsel for the United States was prohibited from working on this and other civil matters, he was and still is required to work on numerous petitions for habeas corpus and motions for temporary restraining orders ("TROs") filed by noncitizens in immigration detention. Indeed, since late summer 2025, the United States Attorney's Office, like this Court, has been inundated with these filings. From just November 9 to 19, 2025, the United States Attorney's Office received 45 new habeas cases with 35 new TROs. The undersigned counsel for the United States has averaged one or two new habeas matters or TROs each week, making it exceedingly difficult to predict and plan for discovery, briefs, hearings, and other obligations in other ongoing civil matters.

7. Notwithstanding the foregoing delays and interruptions to the ordinary course of business, the parties have tentatively agreed to have Plaintiff attend a neuropsychological evaluation on December 30, 2025, and they conferred to determine mutually agreeable dates for the Pretrial Scheduling Order.

8. For the foregoing reasons, the parties respectfully submit that there is good cause for the Pretrial Scheduling Order to be modified as requested above.

Respectfully submitted,

Dated: December 2, 2025              DREYER BABICH BUCCOLA WOOD CAMPORA, LLP

By:   /s/ *Kelsey J. Fischer*   (authorized 12/2/2025)
      KELSEY J. FISCHER

Attorneys for Plaintiff

Dated: December 2, 2025              ERIC GRANT
                                     United States Attorney

By:   /s/ *Joseph Frueh*
      JOSEPH FRUEH
      Assistant United States Attorney

Attorneys for Defendant

For the reasons stated by the parties in the above stipulation, and good cause having been shown, the Court adopts the parties' proposed scheduling order and imposes the deadlines as outlined by the parties, except for the bench trial date, which remains as October 5, 2026, at 9:00 am.

**IT IS SO ORDERED.**

Dated: December 09, 2025

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE