UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| STEPHANIE HAMMOND,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 23-cv-2984 WBS JDP<br>FINAL PRETRIAL ORDER |

----oo0oo----

A Final Pretrial Conference was held in this matter, pursuant to the provisions of Rule 16(d) of the Federal Rules of Civil Procedure and Local Rule 282, on August 21, 2026. Kelsey Fischer appeared as counsel for plaintiff, and Brendon Hansen appeared as counsel for defendant. Following the conference, the court enters this Final Pretrial Order:

I. Jurisdiction - Venue

Jurisdiction is predicated upon 28 U.S.C § 1331,

because plaintiff brings claims against defendant arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80. Venue is undisputed and is hereby found to be proper under 28 U.S.C. § 1402(b). The parties agree that Plaintiff exhausted her administrative requirements before commencing this action. 28 U.S.C. § 2675.

II. Jury – Non-Jury

Jury trial is not permitted under the Federal Tort Claims Act, and neither side demands trial by jury. Accordingly, this case will be tried before the court, sitting without a jury.

III. Proposed Findings of Fact and Conclusions of Law and Form of Judgment

No later than **September 21, 2026**, plaintiff shall lodge and serve the Findings of Fact and Conclusions of Law and form of judgment which plaintiff proposes to be entered at the conclusion of the trial pursuant to Fed. R. Civ. P. 52. No later than **September 28, 2026**, defendant shall lodge and serve the Findings of Fact and Conclusions of Law and form of judgment which defendant proposes be entered.

IV. Trial Briefs

No later than **September 21, 2026**, counsel for each party shall file trial briefs pursuant to Local Rule 285. Because this action is to be tried to the court sitting without a jury, motions in limine are not appropriate. However, counsel may alert the court to any legal issues they anticipate will need to be addressed in their respective trial briefs. No later than five court days before trial, the parties may file responses to the other side's trial briefs. Briefing for any motions in

limine or motions to exclude shall be included as part of the parties' respective trial briefs.

V. Remaining Claims

Plaintiff's claim for trial consists of one tort action in negligence. 28 U.S.C. §§ 1346(b), 2672, 2679.

VI. Witnesses

(A) Both parties jointly anticipate calling the witnesses identified at Exhibit "A" attached hereto.

(B) Plaintiff anticipates calling the witnesses identified at Exhibit "B" attached hereto.

(C) Defendant anticipates calling the witnesses identified at Exhibit "C" attached hereto.

(D) Except for retained experts, each party may call any witness designated by any other party.

(E) No other witnesses will be permitted to testify at trial unless:

(1) all parties stipulate that the witness may testify;

(2) the party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not have been reasonably anticipated at the time of the Pretrial Conference; or

(3) the witness was discovered after the Pretrial Conference.

(E) Testimony of a witness not designated in this Order, which is offered under paragraph VI(D)(3), above, upon the grounds that the witness was discovered after the Pretrial Conference, will not be permitted unless:

(1) the testimony of the witness could not reasonably have been discovered prior to the Pretrial Conference;

(2) the court and opposing counsel were promptly notified upon discovery of the testimony; and

(3) counsel proffered the witness for deposition if time permitted or provided all opposing counsel a reasonable summary of the testimony if time did not permit a deposition.

VII. Exhibits

(A) Plaintiff intends to offer the exhibits identified at Exhibit "D" attached hereto.

(B) Defendant intends to offer the exhibits identified at Exhibit "E" attached hereto.

(C) Each party may offer any exhibit designated by any other party.

(D) No other exhibits will be received in evidence unless:

(1) all parties stipulate that the exhibit may be received in evidence;

(2) the party offering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated at the time of the Pretrial Conference; or

(3) the exhibit was discovered after the Pretrial Conference.

(E) An exhibit not designated in this Order, which is offered under paragraph VII(D)(3), above, upon the grounds that the exhibit was discovered after the Pretrial Conference, will not be received in evidence unless:

(1) the exhibit could not reasonably have been discovered prior to the Pretrial Conference;

(2) the court and opposing counsel were promptly notified upon discovery of the exhibit; and

(3) counsel provided copies of the exhibit to all opposing counsel if physically possible or made the exhibit reasonably available for inspection by all opposing counsel if copying was not physically possible.

(F) Each party shall exchange copies of all exhibits identified in this Order, or make them reasonably available for inspection by all other parties, no later **than September 28, 2026.** Any and all objections to such exhibits shall be filed and served not later than **October 1, 2026.**

(G) The attorney for each party is directed to appear before trial and present an original of each exhibit to Deputy Clerk Jenny Wood at **8:30 a.m. on the date of trial.** The parties shall provide a binder of all exhibits (three copies) to Deputy Clerk Jenny Wood no later than **October 1, 2026.**

(H) Each exhibit which has been designated in this Order and presented on the morning of the date of trial shall be pre-marked by counsel. Plaintiff exhibits shall bear numbers; defendant exhibits shall bear letters. If no objection has been made to such exhibit pursuant to paragraph VII(F), above, such exhibit will require no further foundation and may be received in evidence upon the motion of any party at trial.

VIII. Further Discovery and Motions

No further motions shall be brought before trial except upon order of the court and upon a showing of manifest injustice.

Fed. R. Civ. P. 16(e). No further discovery will be permitted except by the express stipulation of all parties or upon order of the court and upon a showing of manifest injustice. (Id.)

IX. Use of Depositions or Interrogatories

No later than **September 15, 2026,** counsel for each party shall file and serve a statement designating all answers to interrogatories and all portions of depositions intended to be offered or read into evidence, with the exception of portions to be used only for impeachment or rebuttal. No later than **September 25, 2026,** counsel for any other party may file and serve a counter-designation of other portions of the same depositions intended to be offered or read into evidence and may file evidentiary objections to any other parties' designation. No later than **September 28, 2026,** the parties may file evidentiary objections to any other party's counter-designation.

X. Date and Length of Trial

The trial is set for **October 5, 2026, at 11:00 a.m.,** in Courtroom 5. The court estimates that the trial will last approximately three to four days. Trial shall commence at 10:00 a.m., on each trial day after October 5, 2026.

XII. Settlement

The parties previously participated in a settlement conference before Magistrate Judge Cota on July 6, 2026, which was unsuccessful. A follow-up settlement conference is scheduled for **September 25, 2026,** at **10:00 a.m.** before Judge Cota. Each party is ordered to have a principal with full settlement authority present at the settlement conference or to be fully authorized to settle the matter on any terms.

XIII. Evidence Presentation Equipment

If any party feels that electronic presentation is necessary, they should be prepared to operate the courtroom's equipment or bring their own audio visual equipment to the courtroom and be prepared to operate it themselves.

XIV. Objections to Pretrial Order

Any objections or suggested modifications to this Pretrial Order shall be filed and served within **five court days** from the file-stamped date of this Order. All references herein to the date of this Order shall refer to the date the tentative order is filed and not to the date any amended order is filed. If no objections or modifications are made, this Order will become final without further order of the court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

Dated: August 21, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

Exhibit A: Joint Witnesses

| **Witness** | **Contact Information** | **Availability** |
|---|---|---|
| Plaintiff Stephanie Hammond | Via counsel | In-person |
| Marilyn Hammond | Via counsel | In-person |

Exhibit B: Plaintiff Witnesses

| **Witness** | **Contact Information** | **Availability** |
|---|---|---|
| Erinn Ramirez | Via counsel | In-person |
| Catari Lacorazza | Via counsel | In-person |
| Robert Hammond | Via counsel | In-person |
| Steven Hammond | Via counsel | In-person |
| Belle Hammond | Via counsel | In-person |
| Linda Skinner | Via counsel | In-person |
| VanBuren Lemons, M.D. | 315 American River Drive, Suite A, Sacramento, California 95864. | In-person |
| April Stallings | 640 Caspian Court, Reno, NV 89521 | In-person |

| | | |
|---|---|---|
| Vinay Reddy, M.D. | 4200 Douglas Boulevard, Suite 200, Granite Bay, CA 95746 | Currently not known. |

<u>Exhibit C: Defendant Witnesses</u>

| **Witness** | **Contact Information** | **Availability** |
|---|---|---|
| Jeffrey Franklin | Via counsel | In-person |
| John Suponch | Via counsel | In-person |
| Rachel Delfanti, M.D. | Via counsel | In-person |
| Amanda Gregory, Ph.D. | Via counsel | Via Deposition – the parties intend to take Dr. Gregory’s trial testimony on September 1, 2026. |
| D. Michael Hembd, M.D. | Via counsel | In-person |
| Lindsay Knutson, J.D., M.S., CPC | Via counsel | In-person |

| | | |
|---|---|---|
| Gregory Federer, M.D. | Sierra Nevada Memorial Hospital<br>155 Glasson Way,<br>Grass Valley, CA 95945<br><br>(530) 274-6000 | Currently not known. |
| Andrew H. Lee, D.O. | Sierra Nevada Memorial Hospital<br>155 Glasson Way,<br>Grass Valley, CA 95945<br><br>(530) 274-6000 | Currently not known. |
| Anna Wilson, M.D. | Insight Imaging<br>117 Neal Street, Suite A,<br>Grass Valley, CA 95945<br><br>(530) 273-2720 | Currently not known. |
| Donna M. Murtaugh, NP-C | Bouchier Prichett Family Medicine<br>280 Sierra College Dr., Suite 207<br>Grass Valley, CA 95945<br><br>(530) 477-7390 | Currently not known. |
| Eric Dickerson, D.C. | Radius Physical + Sports Rehab<br>352 Providence Mine Road,<br>Nevada City, CA 95959<br><br>(530) 200-8865 | Currently not known. |

Exhibit D: Plaintiff Exhibits

| **Exhibit Number** | **Exhibit Description** | **Date Offered** | **Date Admitted** |
|---|---|---|---|
| **1.** | Photos of the damages to the vehicles involved in the subject collision | | |

| | | | |
|---|---|---|---|
| 1.01 | Defendant's vehicle – front view | | |
| 1.02 | Defendant's vehicle – rear view | | |
| 1.03 | Plaintiff's vehicle – front view | | |
| 1.04 | Plaintiff vehicle – rear left side view | | |
| **2.** | Photos of Plaintiff Stephanie Hammond taken before the collision | | |
| 2.01 | Photograph of Plaintiff Stephanie Hammond with basketball certificate and medal (2022) | | |
| 2.02 | Photograph of Plaintiff Stephanie Hammond with favorite sports – professional picture | | |
| 2.03 | Photograph of Plaintiff Stephanie Hammond with Special Olympics medal | | |
| 2.04 | Photograph of Plaintiff Stephanie Hammond golfing | | |
| 2.05 | Photograph of Plaintiff Stephanie Hammond with officers from the San Francisco Police Department | | |
| 2.06 | Photograph of Plaintiff Stephanie Hammond swimming with a dolphin | | |

| | | | |
|---|---|---|---|
| 2.07 | Photograph of Plaintiff Stephanie Hammond with a pony | | |
| 2.08 | Photograph of Plaintiff Stephanie Hammond with family dog | | |
| 2.09 | Photograph of Plaintiff Stephanie Hammond at the Special Olympics | | |
| 2.10 | Photograph of Plaintiff Stephanie Hammond playing basketball | | |
| 2.11 | Photograph of Plaintiff Stephanie Hammond at basketball camp (January 12, 2023) | | |
| 2.12 | Photograph of Plaintiff Stephanie Hammond after softball game with grandma and friend (June 2, 2019) | | |
| **3.** | Reports regarding subject collision | | |
| 3.01 | Investigation report | | |
| 3.02 | Standard From 95 | | |
| 3.03 | Motor Vehicle Accident Report | | |
| 3.04 | Motor Vehicle Accident Supplemental Report | | |
| **4.** | Head CTs and Brain MRIs | | |

| | | | |
|---|---|---|---|
| **5.** | MRIs/X-rays of C-Spine, L-Spine, and T-Spine | | |
| **6.** | Plainitff Stephanie Hammond's Medical Expense Summary | | |
| **7.** | Documents Pertaining to Work Done by April Stallings, RN | | |
| 7.01 | Curriculum vitae of April Stallings, CPA | | |
| 7.02 | Future Medical Cost Projection Provided by April Stallings, RN | | |
| 7.03 | Future Medical Cost Projection Spreadsheet Provided by April Stallings, RN | | |
| 7.04 | Bill Analysis Provided by April Stallings, RN | | |
| 7.05 | Bill Analysis Spreadsheet Provided by April Stallings, RN | | |

<u>Exhibit E: Defendant Exhibits</u>

| **Exhibit Number** | **Exhibit Description** | **Date Offered** | **Date Admitted** |
|---|---|---|---|
| **A.** | Scene Photographs | | |
| **B.** | Bouchier-Pritchett Family Medicine records | | |

| | | | |
|---|---|---|---|
| **C.** | Insight Imaging records | | |
| **D.** | Sierra Nevada Medical Center records | | |
| **E.** | University Medical Imaging records | | |
| **F.** | Children's Hospital Oakland records | | |
| **G.** | Regional Center of the East Bay records | | |
| **H.** | Pacific Presbyterian Medical Center records | | |
| **I.** | Form SF-95 | | |