UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

STEPHANIE HAMMOND,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

No. 2:23-cv-2984 WBS JDP

ORDER RE: PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL EXPERT REPORT

----oo0oo----

The court, having considered plaintiff's Motion to File Supplemental Expert Report (Docket No. 45) pursuant to Federal Rule of Civil Procedure Rule 37(c), the defendant's Opposition (Docket No. 46), the parties' representations during an open hearing on September 8, 2026, and the pleadings and records on file in this action, makes the following findings and orders:

1. Plaintiff failed to timely disclose the expert report of Ms. April Stallings (the "Stallings Report") concerning the cost of plaintiff's future medical care in violation of the

court's Scheduling Order (Docket No. 25) and Federal Rule of Civil Procedure 26(a)(2)(B).

2. Granting plaintiff's Motion will require defendant, at minimum, to prepare new expert reports, rebuttal opinions, and reconsider expert depositions previously declined.

3. Under Federal Rule of Civil Procedure Rule 37(c)(1),[1] the court has "'particularly wide latitude ... to issue sanctions' for a party's failure to meet [Rule 26(a)(2)(B) expert discovery] requirements." Mansur Props. LLC v. First Am. Title Ins. Co., 635 F. Supp. 3d 1116, 1133 (W.D. Wash. 2022) (quoting Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001)). Accordingly, as a consequence of plaintiff's violation of the Scheduling Order (Docket No. 25) and Federal Rule of Civil Procedure 26(a)(2)(B), plaintiff shall indemnify defendant for the reasonable costs necessitated by the delayed filing of the Stallings Report.

---

[1] 37(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.

(1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to **supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:**

(A) **may order payment of the reasonable expenses, including attorney's fees, caused by the failure;**

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

THEREFORE, IT IS **HEREBY ORDERED** that:

1. Plaintiff's Motion to File Supplemental Expert Report (Docket No. 45) be, and the same hereby is, **GRANTED, conditioned upon** plaintiff's making payment to defendant for defendant's reasonable costs necessitated by the filing of the Stallings Report as will be determined by this court.

2. Defendant shall file a statement with the court enumerating the actions, including additional expert discovery, and accounting of costs necessitated by the untimely filing of the Stallings Report no later than **October 9, 2026.**

3. Plaintiff may file a reply to defendant's statement no later than **October 29, 2026.**

4. The court will hear any arguments on the reasonably anticipated costs associated with defendant's responding to the Stallings Report on **November 9, 2026**, in person at 1:30 p.m. in Courtroom 5.

5. Upon review of the record following full briefing by the parties, the court will issue an order reopening expert discovery and specifying a fair and reasonable sum of costs and expenses that shall be paid to defendant, including a deadline for making such payment and filing a certification of the same.[2]

6. Nothing in this Order shall be construed as opinion that these costs will be recoverable by plaintiff if plaintiff is the prevailing party upon final judgment.

7. All deadlines contained in this court's Final

---

[2] See Federal Rule of Civil Procedure Rule 37(c); Park v. State Farm Fire & Cas. Co., No. 2:23-CV-01564-TL, 2025 WL 860812 (W.D. Wash. Mar. 19, 2025).

Pretrial Order (Docket No. 42) are **HEREBY VACATED,** to be reset in after the November 9, 2026 hearing.

Dated: September 10, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE